UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MICHAEL SHEPHERD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 13-211-DCR |
| ) | |
| V. ) | |
| ) | |
| CAROLYN W. COLVIN, Acting ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Michael Shepherd ("Shepherd" or "the Claimant") and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 17, 18] Shepherd argues that the administrative law judge ("ALJ") assigned to his case erred in finding that he is not entitled to a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Insurance ("SSI") under the Social Security Act ("Act"). He seeks reversal of the ALJ's decision and remand for an award of benefits. The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Shepherd.

**I.**

On April 20, 2011, Shepherd applied for a period of disability and DIB under Title II of the Act, and SSI under Title XVI of the Act. [See Administrative Transcript, "Tr.," at pp. 176-188.] He alleged a disability beginning May 7, 2009. Shepherd' applications were denied initially and upon

reconsideration. [Tr., pp. 113-116, 124-126] Shepherd, along with his attorney Leroy Lewis and vocational expert ("VE") Joyce Forrest, appeared before ALJ Greg Holsclaw on July 12, 2012, for an administrative hearing. [Tr., 23-66] In a decision dated August 9, 2012, ALJ Holsclaw found that Shepherd was not disabled under sections 216(i), 223(d), or 1614(a)(3)(A) of the Act. [Tr., pp. 8-18]

Shepherd was forty-two years old at the time of the ALJ's decision. [Tr., p. 28] He has an eighth grade education with no specialized training. [Tr., pp. 28-29.] Shepherd previously worked as a laborer in a coal mine performing various duties, and as a security guard and surveillance monitor. [Tr., pp. 29-35] His alleged disability stems from chest pain, heart problems, diabetes, a back injury and hand cramps. [Tr., pp. 218, 226] Shepherd was laid-off from his employment with James River Coal Company in approximately May 2009 and has not worked since that time.[1] [Tr., p. 35]

After reviewing the record and the testimony presented during the administrative hearing, the ALJ concluded that Shepherd suffers from a combination of severe impairments, including: "sclerosis of the spine and bulging discs with low back pain, neck pain, and radiculopathy; diabetes mellitus; [a] history of coronary artery disease and a heart attack with stent placement." [Tr., p. 10] Notwithstanding these impairments, ALJ Holsclaw found that Shepherd retained the residual functional capacity ("RFC") to perform a reduced range of light work. Specifically, the ALJ

---

1  As noted in the Commissioner's Motion for Summary Judgment, disability insurance benefits are not paid unless the Claimant was disabled when he last met the insured status requirements of 42 U.S.C. § 423(c). In the present case, Shepherd's insured status continues until September 30, 2014. [*See also* Tr., p. 200.] SSI benefits are not payable for the month in which an application for SSI is filed, or any month prior to the month of filing. Thus, based on the date of Shepherd's filing, he would not be eligible for SSI benefits prior to May 2011 if he is found to be entitled to such benefits. 42 U.S.C. § 1382(c)(7); 20 C.F.R. § 416.335.

concluded that Shepherd retained the capacity to perform the following job-related activities, but subject to the listed limitations:

> lift or carry up to 20 pounds occasionally, and 10 pounds frequently. He can stand or walk up to four hours in an eight-hour workday, in intervals up to 40 minutes. He can sit up to six hours in an eight-hour workday, in intervals up to 60 minutes. He can perform no more than frequent pushing or pulling with the upper and lower extremities, up to the exertional lifting or carrying limits. He can balance, stoop or climb ramps or stairs occasionally, but he cannot kneel, crouch, crawl, or climb ladders, or scaffolds. He can perform no overhead reaching bilaterally. He can perform no more than frequent fine fingering or gross manipulation bilaterally. He cannot perform work in extreme heat or extreme cold. He cannot perform work around dangerous, moving machinery or at unprotected heights. He can perform no more than simple, routine work because of issues of concentration due to pain.

[Tr., p. 13]

Based on the testimony presented during the administrative hearing together with the medical evidence and consultative examiner's opinions, the ALJ found that Shepherd could perform past relevant work. [Tr., p. 16] Additionally, based on the testimony of VE Forrest, and after considering Shepherd's age, education, work experience, and RFC, the ALJ also determined that Shepherd could perform other jobs that exist in the national economy, such as inspector/sorter, hand packer, and order clerk. [Tr., pp. 16-17] As a result of these findings, ALJ Holsclaw concluded that Shepherd is not disabled. Thus, Shepherd was denied a period of disability, DIB, and SSI. [Tr., p. 18]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with

"a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

**III.**

As noted above, ALJ Holsclaw found that Shepherd was able to perform past relevant work as a security guard and surveillance monitor. And as an alternative finding, the ALJ concluded that, even if Shepherd is unable to perform past work, there is other work in the national economy that Shepherd is capable of performing. Shepherd asserts that both determinations are erroneous.

### A. Shepherd Does Not Meet The Requirements For Any Listed Impairment.

As noted in the ALJ's opinion, the listing of impairments contained in Appendix 1 of the applicable regulations describes impairments that are considered severe enough to prevent an individual from performing substantial, gainful activity. If an individual demonstrates that he or she meets or equals a listing and is not engaging in substantial gainful activity, that person will be considered disabled without further inquiry. In the present case, ALJ Holsclaw found that Shepherd did not meet any of the impairments listed at section 1.04, 4.00 or 9.00.B.5. With respect to Shepherd's spine and low back pain, the ALJ noted that the Claimant's medical records did not indicate establish compromise of a nerve root with loss of spinal motion, motor loss or (in the lumbar spine) positive straight-leg raising studies. Under the fourth step of the sequential evaluation process, it was Shepherd's burden to establish that he met or equaled this listing. However, he failed to identify such evidence in record.

Likewise, although Shepherd did suffer a heart attack (myocardial infarction) in 2008, the Claimant did not identify evidence to support the severity of the impairment alleged. Instead, following a successful stenting procedure of the left anterior descending artery, Shepherd's cardiologist released him from active care. In connection with the listing for diabetes, the ALJ considered the effect of this impairment on other body systems (*i.e.*, musculoskeletal, special senses/vision, cardiovascular, digestive, genitourinary, skin infections, neurological, and mental/cognitive), but concluded that Shepherd's treatment records do not exhibit the severity or signs, symptoms or complications that would demonstrate that any of the listings for these other body systems were met or equaled. [Tr., p. 12]

Shepherd does not argue that he meets any of the specific listings considered by the ALJ. Additionally, he does not identify any other listing that he met or equaled but which was not considered by the ALJ.[2] Instead, he asserts that he "functionally equal[s]" a listing without identifying it. [Record No. 17-1, p. 4] This is fatal to his argument.

As noted by the Commissioner, when a claimant alleges that he meets or equals a listed impairment, he must present or identify specific medical findings that satisfy all criteria of the particular listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-32 (1990); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525, 404.1526, 416.920(a)(4)(iii), 416.925, 416.926. Conversely, "a claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan*, 493 U.S. at 531.

### B. The ALJ's Determination That Shepherd Can Perform His Past Work As A Security Guard and Surveillance Monitor Is Supported By Substantial Evidence.

According to Shepherd, while the ALJ found that he could perform only a limited range of light work, that category of work was further reduced by a number of limitations regarding sitting and standing, pushing and pulling with upper and lower extremities, use of fine fingering and gross manipulation, full limits on reaching overhead, and limitations to simple, routine work due to concentration and pain. [Record No. 17-1, pp. 4-5] However, in her motion for summary judgment, the Commissioner points out that Shepherd had the capacity to return to the position of security

---

2     As the Commissioner correctly points out in her supporting memorandum, the Court is not required to search the record in support of evidence supporting arguments that are not properly advanced by parties. The Standing Scheduling Order entered in this case and all other social security appeals filed in this district also dictates that parties provide the Court with specific page citations to the administrative record to support their arguments. [Record No. 9]

guard and surveillance monitor *as he had performed those jobs*. Additionally, based on the VE's testimony, Shepherd's past employment as a surveillance monitor was classified as and performed as sedentary, unskilled work (as opposed to "light, unskilled"). As a result, Shepherd was able to perform both of these prior jobs, regardless of the manner in which they are classified by the Dictionary of Occupational Titles ("DOT").[3]

During the administrative hearing, VE Forrest provided the following testimony which is consistent with the Commissioner's position.

> Q. Ms. Forrest, I asked you to identify – excuse me, I asked you to consider a hypothetical person who is the same age, education and work experience as the Claimant. Such a hypothetical person could perform a limited range of light exertional work, that is to say no lifting or carrying more than 20 pounds occasionally ten pounds frequently, no standing or walking for more than four hours out of an eight-hour day nor more that 40 minutes at one time, no sitting for more than six hours out of an eight-hour day and for no more than an hour at a time.
>
> Such a person could do frequent pushing or pulling with the upper and lower extremities, no more than occasional balancing, stooping or climbing of ramps or stairs, but no kneeling, crouching, crawling or climbing of ladders, ropes or scaffolds, no overhead reaching bilaterally, no more than frequent fine fingering or gross manipulation bilaterally, no work around extremes of heat or cold, no work around dangerous moving machinery or unprotected heights.
>
> Would such a person be able to perform any of the past relevant work identified?
>
> A. The work as a security guard and a surveillance monitor would meet that hypothetical.

[Tr., pp. 60-61]

After the ALJ further restricted the hypothetical to simple routine or competitive work due to problems with concentration due to pain or the combination of pain and psychological effects, the

---

3   The Dictionary of Occupational Titles, Fourth Edition, was created by the Employment and Training Administration and last updated in 1991. It has since been replaced by the Department of Labor's Occupational Information Network ("O*Net") as a source of occupational information.

VE identified not only the Claimant's past work but other jobs that a hypothetical claimant could perform. [Tr., pp. 61-62] The VE further noted that, while the jobs of night watchman and security guard are considered unskilled to low-level, semi-skilled, she further explained that the DOT is "somewhat obsolete" and does not address many of the issues presented in disability hearings. Thus, her testimony was based prior work experience and research in the field. [Tr., p. 63]

Shepherd asserts that the ALJ erred in concluding that he could preform work as a security guard and surveillance monitor because these jobs have a SVP of 3 and, therefore, cannot be classified as "unskilled." However, a review of the transcript establishes that the VE classified the Shepherd's past work as a security guard as light, unskilled and his past work as a surveillance monitor as sedentary, unskilled based on the manner in which Shepherd was required to perform the work. Her testimony was not based upon the classification of those jobs as listed in the now-defunct DOT.

### C. Substantial Evidence Supports The ALJ's Conclusion That Shepherd Is Not Disabled Under The Social Security Act.

#### 1. The RFC Determination

The RFC determination is a matter reserved for the ALJ. *See* 20 C.F.R. §§ 404.1527(d), 404.1546(c), 416.927(d), 416.946(c); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009); *Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004). In making this determination, the ALJ considers the medical evidence, non-medical evidence, as well as the claimant's credibility. *See* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The Sixth Circuit has recognized that "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of the claimant's residual functional capacity." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (internal quotation marks

and citation omitted). The ALJ need not "give any special significance to the source of an opinion on issues reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). An ALJ's finding on the RFC will be upheld if it is supported by substantial evidence.

There must exist some objective medical evidence, established by medically acceptable clinical or laboratory diagnostic techniques, which demonstrates the existence of a medical impairment that could reasonably be expected to produce the symptoms alleged and that, when considered with all the evidence, would lead to a conclusion that the individual is under a disability. *See* 42 U.S.C. § 423(d)(5)(A). Here, the ALJ considered both medical and credibility evidence in determining Shepherd' RFC. [Tr., pp. 13-16] The ALJ found that, although the Claimant's medically determinable impairments could reasonably cause the symptoms alleged, his statements regarding their intensity, persistence and limiting effects were not credible to the extent they were inconsistent with her RFC assessment. [Tr., pp. 14]

It is well-settled that credibility determinations regarding a claimant's subjective complaints of pain rest with the Commissioner. *See Walters*, 127 F.3d at 531. Such determinations are entitled to a great deference. *See Buxton* 246 F.3d at 773; *see also Boyett v. Apfel*, 8 F. App'x 429, 434 (6th Cir. 2001); *Williamson v. Sec'y of Health and Human Servs.*, 796 F.2d 146, 150 (6th Cir. 1986). This is because the ALJ is in a unique position to "observe the claimant and judge [his] subjective complaints." *Buxton*, 246 F.3d at 773. However, if the ALJ "rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Brown*, 35 F.3d 1027, 1036 (6th Cir. 1994).

In the present case, ALJ Holsclaw explained his reasons for rejecting Shepherd' testimony. He specifically noted that, while the Claimant described a very sedentary lifestyle, treatment records

do not support the level of impairment or disruption in activities of daily living that Shepherd described. For example, while Shepherd claimed to constantly drop items (100 times per day) due to numbness and weakness in his hands, the medical evidence did not show any objective signs of any neurologic deficit to support this claim or the claim that Shepherd could not perform basic household chores. Medical records do not indicate that the Claimant needs assistance with ambulation; likewise, records from pain clinics indicate that Shepherd has normal range of motion of the cervical, thoracic, and lumbar spine. And Shepherd demonstrated good range of motion, strength, and stability in his extremities.

As noted by the ALJ, the consultative examiner also found that Shepherd had good mobility and good manipulative function. MRIs of the Claimant's lumbar spine in 2010 and of his cervical spine in 2011 did not evidence herniation or nerve compromise. Finally, there was no objective evidence of atrophy or motor loss to support Shepherd's claim of nerve disfunction. In short, the ALJ did not err in his review of Shepherd' credibility in determining his RFC. Further, the ALJ sufficiently explained his reasoning for the weight given to Shepherd' subjective complaints.

The medical evidence of record also supports the ALJ's RFC determination. Specifically, the opinions of consultative examiner Joshua Gibson, M.D., and state agency medical consultant Carlos Hernandez, M.D., substantiate this determination. After reviewing the evidence of record, including the Claimant's subjective complaints and the medical evidence, ALJ Holsclaw concluded that Shepherd had a RFC to perform his past work as a security guard and surveillance monitor as well as a range of light, unskilled work. Substantial evidence supports both conclusions.

## 2. Hypothetical Questions and the VE's Testimony

Once it is determined that a claimant cannot perform past relevant work, the burden shifts to the Commissioner to demonstrate that there are other jobs that exist in significant numbers in the economy that the Claimant can perform, consistent with his RFC and other vocational factors (*i.e.*, age, education, and work experience). *Cole v. Sec'y of Health & Human Servs.*, 820 F.2d 768, 771 (6th Cir. 1987). The ALJ may rely on the VE's answer to a hypothetical question to satisfy this burden to the extent the assumptions included in the hypothetical are supported by substantial evidence. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Here, ALJ's opinion contains an alternative determination. As an initial matter, the ALJ concluded that Shepherd did not establish that he was unable to perform past work as a security guard and surveillance monitor. However, he further concluded that, even if such a showing had been demonstrated, there is a reduced range of light work in the national economy that Shepherd can perform, notwithstanding his impairments. Thus, the Commissioner had the burden of proof only with respect to the ALJ's alternative finding. However, the Commissioner met its burden through the testimony of VE Forrest.

The Sixth Circuit has held that a hypothetical question posed to a VE "need only reference all of a claimant's limitations, without reference to the claimant's medical conditions." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (citing *Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001)); *see also Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("If the hypothetical question has support in the record, it need not reflect the claimant's unsubstantiated complaints."). The VE's testimony relies, in part, on the ALJ's assessment of what a claimant can or cannot do. *See Webb*, 368 F.3d at 632-33 (citations omitted). Additionally, the

ALJ is permitted to rely on the VE's answer to a hypothetical question only to the extent the assumptions included in the hypothetical are supported by substantial evidence. *Varley*, 820 F.2d at 779. The VE's answers to these questions are substantial evidence "only if the question accurately portrays [the Claimant's] individual physical and mental impairments." *Id.*

In summary, the ALJ's hypothetical questions to the VE accurately portrayed Shepherd's individual impairments. While the Claimant argues that his impairments cause greater limitations than those recognized by the ALJ, objective medical and other evidence supports the ALJ's determinations which were incorporated into his hypothetical questions to the VE.

**IV.**

Although Shepherd suffers from some impairments, he has not established that he is disabled as defined by the Act. After reviewing the record, the Court does not find either of the Shepherd's arguments persuasive. The ALJ did not commit reversible error and his decision is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Michael Shepherd's Motion for Summary Judgment [Record No. 17] is **DENIED**.

2. Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 18] is **GRANTED**.

3. The administrative decision of Administrative Law Judge Greg Holsclaw will be **AFFIRMED** by separate Judgment entered this date.

This 7th day of July, 2014.

